UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: HAVEN ELDERCARE, LLC, et al., | : | Bankruptcy Case No. 07-32720 |
| ------------------------------------------------------------- | : | |
| TC HEALTHCARE I, LLC, | : | |
|         Appellant, | : | |
| v. | : | No. 3:11cv1090 (MRK) |
| RACHEAL DUPUIS, | : | |
|         Appellee. | : | |

**RULING AND ORDER**

On January 10, 2012, the Court issued a Ruling and Order [doc. # 26] affirming an Order of the Bankruptcy Court which TC Healthcare I, LLC had appealed. The facts and the long procedural history of this dispute—which centers on a tuition reimbursement of $4,944.51 awarded to Appellee Racheal Dupuis by Vermont's Small Claims Court—can be found in the Court's previous opinion. *See In re Haven Eldercare, LLC*, No. 3:11cv1090 (MRK), 2012 WL 90179 (D. Conn. Jan. 10, 2012). Appellant TC Healthcare has now moved, as it may under Rule 8015 of the *Federal Rules of Bankruptcy Procedure*, for the Court to reconsider and reverse its previous Order. For the reasons that follow, the Court will not do so.

Rule 8015 does not provide courts with a standard for evaluating motions for reconsideration, but its derivation from Rule 40(a) of the *Federal Rules of Appellate Procedure* offers guidance, as does the Court's local rule on motions for reconsideration, *see* D. Conn. L. Civ. R. 7(b). The former requires the party seeking reconsideration to "state with particularity each point of law or fact that the petitioner believes the court has overlooked or

misapprehended," Fed. R. App. P. 40(a)(2), while the latter instructs the movant to "set[] forth concisely the matters or controlling decisions which counsel believes the Court overlooked," D. Conn. L. Civ. R. 7(b). As another of our District's judges has observed, specifically in the context of bankruptcy appeals, "[a] motion for reconsideration should not be used to raise issues or cite authorities that the movant could or should have presented prior to the court's ruling." *In re Heating Oil Partners*, No. 3:08-CV-1976 (CSH), 2010 WL 465977, at *2 (D. Conn. Feb. 5, 2010). Use of the word "overlooked" in both rules suggests that motions for reconsideration are meant to direct a court's attention to something in the record which the court may have failed to see the first time around. A court cannot have "overlooked" something which was not there.

In its Motion, TC Healthcare claims that Vermont's state courts lacked subject matter jurisdiction over Ms. Dupuis's claim. Therefore, contrary to the Court's previous decision, res judicata cannot bar TC Healthcare from re-litigating in federal court a matter previously decided by Vermont's Small Claims, Superior, and Supreme Courts.

The Court has again reviewed the two briefs that TC Healthcare previously submitted [docs. # 10, 18]. It has also reviewed the briefs TC Healthcare filed with the Bankruptcy Court, both originally [doc. # 1-1] and in support of a motion to reconsider [doc. # 1-16]. The Court reviewed the transcript of the Vermont Small Claims Court proceeding [docs. # 18-1, 18-2], that court's decision [doc. # 18-1], the decision of the Vermont Superior Court [doc. #18-3], and TC Healthcare's request that the Vermont Supreme Court hear its appeal [doc. # 18-1]. At *no point* during any of these proceedings, in any of the five courts to have now considered this matter, has TC Healthcare ever previously raised the claim that Vermont's courts lacked subject matter jurisdiction over its dispute with Ms. Dupuis. Given that TC Healthcare bases its jurisdictional argument on the Bankruptcy Court's July 2008 Order—the very Order TC Healthcare failed to

introduce as admissible evidence at the original small claims hearing—it can hardly claim that it could not have made this argument before now.

The lateness of TC Healthcare's jurisdiction argument is more than a procedural problem; the fact that it has never before been raised affects the merits of the claim as well. This is not a case in which a party fails to raise a jurisdictional objection in a lower court, then raises it for the first time on appeal. *Cf. Town of Charlotte v. Richmond*, 158 Vt. 354, 358 (1992). Here, TC Healthcare argued its case to three state courts, including the Vermont Supreme Court, without ever saying a word about jurisdiction. Only now that the Vermont proceedings are entirely finished and two federal courts have ruled against it does TC Heathcare raise this objection. But as Wright and Miller explain, "[i]f the question of jurisdiction was . . . not actually litigated, ordinary principles of defense preclusion would suggest that it be lost just as defenses on the merits are lost." 18A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4428, at 10 (2d ed. 2002). They go on:

> It could . . . be urged that res judicata policies weigh *more heavily* against a party who has bypassed an available opportunity to raise the jurisdictional issue. Silent acquiescence in the first case may enhance the sense of repose engendered by the judgment; it also may constitute a deliberate ploy to raise the jurisdictional objection only in the event of loss . . . .

*Id.* at 14 (emphasis added).

The Court does not here decide whether the Vermont courts had subject matter jurisdiction over Ms. Dupuis's action or whether TC Healthcare's failure to raise the issue during the course of the state proceedings deprives it of the ability to do so in a subsequent action. The murkiness of these questions, left unbriefed in the Parties' earlier filings and inadequately addressed even now, simply reconfirm the fact that these were not "matters or controlling decisions . . . the Court overlooked." D. Conn. L. Civ. R. 7(b).

The Court does wish to note, however—because it speaks to the issue of finality, which has been so wanting in this case—that TC Healthcare continues to misunderstand Vermont's law on the preclusive effect of small claims court judgments. *See* Mem. in Supp. [doc. # 28-1] at 6 n.5. Contrary to TC Healthcare's contention, the Vermont Supreme Court did not hold in *Cold Springs Farm Development, Inc. v. Ball*, 163 Vt. 466 (1995), that "the decision of a small claims court cannot, by definition, bar a subsequent claim based upon the doctrine of *res judicata*." Mem. in Supp. [doc. # 28-1] at 6 n.5.[1] The *Cold Springs Farm* declined to find claim preclusion in that case only because the claim in question had yet to be litigated, since the defendant in small claims court had opted not to bring its permissive counterclaim there. *See Cold Springs Farm*, 163 Vt. at 473. TC Healthcare's jurisdictional objection is not a counterclaim, permissive or otherwise, but rather an affirmative defense. As such, it falls squarely under Vermont's claim preclusion principle. *See Lamb v. Geovjian*, 165 Vt. 375, 379 (1996) ("The element of identity of causes of action, for res judicata purposes, applies to affirmative defenses. Thus, the doctrine specifically bars defendants from using defenses available in one action as the basis for a claim in a later action." (quotation marks omitted)). Nothing in *Cold Springs Farm* suggests otherwise.

The Court takes pains to explain, once again, that claim—but not issue—preclusion applies to Vermont small claims court judgments only because it hopes that this fact will assuage the fear that TC Healthcare has said is driving this litigation to such lengths: that liability could

---

[1] TC Healthcare's argument rests on the fallacy that since claim preclusion arises from compulsory counterclaims but not permissive ones, *see Cold Springs Farm*, 163 Vt. at 473, and Vermont's small claims courts do not have compulsory counterclaims, *see id.*, claim preclusion must not arise from Vermont's small claims courts. *See* Mem. in Supp. [doc. # 28-1]. This is like saying that if a man eats chicken but not steak, and the restaurant where he is dining does not have chicken, he will have to go hungry. (The restaurant might have fish, after all.) TC Healthcare's error is that claim preclusion arises from more than just compulsory counterclaims. It also (and, indeed, more frequently) arises from claims themselves and—as here—from defenses to those claims. Thus, the lack of compulsory counterclaims in small claims court in no way implies that claim preclusion does not arise there.

result if other litigants were able to rely upon the judgment Ms. Dupuis received. *See* Bankr. Ct.'s Br. Mem. of Dec. [doc. # 2-15] at 2 n.3 ("[A]sked by the Court as to why it was pressing the Motion with such vigor and at significant cost, [counsel] noted the existence of a potentially large universe of similar claimants, and what he argued to be the precedential effect of the adverse determination of the State Court Decision."). Unless those litigants were in privity with the Parties here—or unless TC Healthcare again failed to produce admissible evidence in small claims court—there is no danger of that happening. On this, *see id.*, as on our decision not to disturb the judgment of Vermont's courts, the Bankruptcy Court and this Court are agreed.

      TC Healthcare's Motion for Rehearing and Reconsideration [doc. # 28] is DENIED.

                                             IT IS SO ORDERED.

                                      /s/  Mark R. Kravitz
                                    United States District Judge

**Dated at New Haven, Connecticut: January 23, 2012.**